After a thorough review of the pleadings in this case, it appears to me that plaintiffs' claims against Mr. Reed are against him in his capacity as a trustee of Alabama State University and not against him in his individual capacity, and that the thrust of plaintiffs' claims is to recover for loss occurring as a proximate consequence of Alabama State's abuse or misuse of its power of condemnation — sometimes referred to as inverse condemnation.
It is unnecessary at this point to decide whether such claims, in fact, are allowable against a public agency.[1]
Some jurisdictions do authorize, by statute, the recovery of precondemnation or *Page 563 
inverse condemnation damages similar to the ones plaintiffs claim here. See City of Los Angeles v. Tilem, 142 Cal.App.3d 694,191 Cal.Rptr. 229 (1983).
At this point in the lawsuit, I fail to see the relevancy of Mr. Reed's income tax returns to the legal issues framed by the pleadings.
I recognize that the trial judge has merely ordered an incamera inspection of Mr. Reed's income tax returns, but I think even that is irrelevant at this stage of the proceeding;
therefore, I concur in the issuance of the writ insofar as Mr. Reed's income tax returns are concerned. However, I dissent as to the documents relating to ownership of adjacent property; I believe that they are discoverable.
[1] As a general rule, no damages are allowed for a threat of condemnation, Lone Star Indus., Inc. v. Secretary of KansasDept. of Transp., 234 Kan. 121, 671 P.2d 511 (1983), even though announcements of condemnation can put potential condemnees "between a rock and a hard place." See State ex rel.State Highway Comm'n of Missouri v. Armacost Motors, Inc.,552 S.W.2d 360 (Mo.Ct.App. 1977).